**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**WILLIE IRONE SIMMONS**                                               **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 3:07-cv-447-DPJ-JCS**

**DEE BATES AND TIMOTHY O. JONES**                                **DEFENDANTS**

<u>OPINION AND ORDER</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Simmons, an inmate currently incarcerated in the Pike County Jail, Magnolia, Mississippi, filed this civil rights complaint under 42 U.S.C. § 1983.  The named Defendants are District Attorney Dee Bates and Assistant District Attorney Timothy O. Jones.  Upon consideration of Plaintiff's Complaint, Amended Complaint and responses, the Court has reached the following conclusions.

<u>Background</u>

Plaintiff was arrested by the Harris County, Texas Sheriff's Department on November 21, 2006 on a bench warrant from Pike County, Mississippi.  Plaintiff arrived in Pike County, Mississippi on December 3, 2006.  Plaintiff states that he was arrested for possession of a controlled substance.  Plaintiff alleges that Defendants Bates and Jones are holding him on frivolous charges with no merit.  Plaintiff claims that Defendants have insufficient evidence and are holding him in violation of his constitutional rights.  In addition, Plaintiff claims that Defendants Bates and Jones are attempting to coerce him into pleading guilty so they will not have to go to trial.  Plaintiff seeks monetary relief and asks that this charge be erased from his record.

<u>Analysis</u>

Title 28 U.S.C. § 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327(1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A*., 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991); *see also Neitzke*, 490 U.S. at 325; *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc*., 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the

---

[1]   Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)      is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune from such relief.

answer." *Id.* As discussed below, Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named Defendants.

Claims

Initially, this court must decide whether Plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Tex. Dept. of Crim. Just. Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994)). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Id.* (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)). When a state prisoner is challenging the fact or duration of his confinement, his exclusive remedy is a petition for habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). A pre-trial petitioner challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987). If this Court grants the requested relief of expungement of Plaintiff's record, it could result in Plaintiff receiving an early release from custody. Plaintiff must first pursue his request for his immediate release by filing a petition for habeas corpus relief.

Before Plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. *Id.* at 225; *see also Preiser*, 411 U.S. 475;

3

*Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983).  Since Plaintiff does not allege that he has presented this claim to the Mississippi Supreme Court, he has not yet satisfied the exhaustion requirement for habeas relief.  Therefore the portion of Plaintiff's Complaint requesting his immediate release will not be liberally construed as a petition for habeas corpus relief and will be dismissed.

<u>Defendants</u>

To the extent Plaintiff is requesting monetary damages from Defendants, his claims are not properly pursued in this action.  Defendants Bates and Jones as Pike County District Attorneys are absolutely immune from these claims for monetary damages.  Absolute immunity extends to prosecutors who are performing prosecutorial acts.  *Imbler v. Pachtman*, 424 U.S. 409 (1976).  The Supreme Court has held that "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth,* 472 U.S. 511, 525 (1985).  Therefore, immunity is a threshold question, which should be resolved as early in the proceedings as possible.  *See Siegert v. Gilley,* 500 U.S. 226, 231-33 (1991).  "[I]mmunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches."  *Forrester v. White*, 484 U.S. 219, 227 (1988). Plaintiff fails to provide any facts to establish that Defendants Bates and Jones' action or inaction is not directly related to prosecuting the criminal case against Plaintiff.  As such, Plaintiff's action will be dismissed.

<u>Conclusion</u>

As discussed above, Plaintiff's claim for monetary damages against Defendants Bates and Jones will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and to the extent Plaintiff is seeking habeas relief his claims are dismissed without prejudice.

A final judgment in accordance with this Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 2[th] day of November, 2007.

*s/ Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
